UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL C. BOLIN, | ) |
|     *Plaintiff*, | ) |
| v. | )    Civil Action No. 22-1533 (UNA) |
| MERRICK B. GARLAND<br>*U.S. Attorney General*, | ) |
|     *Defendant*. | ) |

### **MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a form Complaint for Violation of Civil Rights, Dkt. 1, and a motion for leave to proceed *in forma pauperis* (IFP), Dkt. 2. The Court will grant the IFP motion and dismiss this action pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a California state prisoner who has sued Attorney General Merrick Garland. His claim is difficult to decipher but is premised on the Defendant's alleged refusal "to respond to numerous services . . . and initiate [an] investigation as demanded by U.S. Const. 14th Amend. and Title 18 U.S.C. 04[.]" Compl. at 5 (Statement of Claim). Plaintiff has alleged no cogent factual allegations in support of his claim, which alone requires dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the minimal pleading standard under Fed. R. Civ. P. 8(a) "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

In addition, Plaintiff's reliance on 18 U.S.C. § 4 is misplaced because that statute "defines a criminal offense and does not provide civil complainants with a private right of action." *Pankey*

*v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993). Plaintiff's claim fares no better under the Fourteenth Amendment because the U.S. Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and such decisions generally are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995); *see Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."). Plaintiff has cited no authority curbing the Attorney General's discretion to investigate his purported claim. Therefore, this case will be dismissed by separate order.

                                                                                                 _____/s/_____
                                                                         DABNEY L. FRIEDRICH
                                                                         United States District Judge

Date: July 1, 2022